IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH AN EMAIL ADDRESS THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE | Misc. No. 3:17mj1694(JGM)<br><br>**Filed Under Seal** |

## APPLICATION FOR ORDER COMMANDING GOOGLE NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order Google, Inc. not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena of the existence of the attached subpoena for a period of 90 days, through and including October 4, 2016.

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). The United States obtained the attached federal grand jury subpoena which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation or unduly delay a trial, including giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of

behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google not to disclose the existence or content of the attached subpoena, except that Google may disclose the attached subpoena to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on July 7, 2016.

/s/ Sarala V. Nagala

SARALA V. NAGALA
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. phv05529
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700